Harper J.
I am of opinion that the evidence ought to have been admitted. The object of the advertisement is to give notice ; but if the creditor has express personal notice, every purpose of the advertisement is answered. I am not aware of any instance in which the law requires an act to be done for the purpose of giving notice, and regards the doing of it as implied notice, that the parties concerned will not be affected by express notice. It comes within the principle of the cases in which an unregistered conveyance has been.held good against a subsequent purchaser having express notice of it. A creditor who knows that administration has been granted, knows that the administrator’s duty requires him after the year to pay debts, and distribute the estate; and if he stands by, without tendering his demand until the estate has been paid away, it would operate a plain fraud on the administrator, if he should then be permitted to recover against him. This, too,is notliable to the objection which has been made to the cases respecting unregistered deeds; which have been supposed to contravene the terms of the statute which declares absolutely that deeds not registered shall be void. The execu *106 tor’s act does not declare that an executor or administrator neglecting to advertise, shall be liable to all creditors at any distance of time. He violates his duty if -he fails to advertise, anc* must take the consequences of being answerable to those, who may be supposed to have been injured by his neglect. It would be too much to make him liable to those, who it is proved could not have been injured.
. , P. L. 494.
Mills, for the motioñ.
This construction is the more necessary, as it is often difficult or impossible for executors, after a considerable lapse of time, to prove their having advertised regularly. The motion for a new trial must therefore be granted.
Johnson J. concurred.
Motion granted.